UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARK RAYMOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CV-0680-CVE-PJC |
| ) | |
| AIR EVAC EMS, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court are defendant's partial motion to dismiss (Dkt. # 7) and plaintiff's motion for dismissal without prejudice (Dkt. # 20). Pursuant to Fed. R. Civ. P. 12(b)(6), defendant seeks dismissal of plaintiff's libel and libel per se claims, as well as his request for punitive damages. Dkt. # 7, at 1 n.1. Plaintiff simultaneously filed a Rule 41(a)(1) notice of voluntary dismissal (Dkt. # 16) as to the libel and libel per se claims and a response (Dkt. # 17) as to the request for punitive damages. Defendant filed a reply to plaintiff's response. Dkt. # 22. The Court, noting that plaintiff did not appear to meet the requirements for a voluntary dismissal under Rule 41(a)(1), ordered plaintiff to file a motion under Rule 41(a)(2). Dkt. # 19. Plaintiff thereafter filed his motion for dismissal without prejudice of his libel and libel per se claims. Dkt. # 20. Defendant has responded to the motion for dismissal, arguing that any dismissal should be with prejudice. Dkt. # 21. Plaintiff has not filed a reply, and the time to do so has expired.

**I.**

Plaintiff sustained serious injuries in a motor vehicle accident on July 6, 2012. Dkt. # 2-1, at 1. The accident was allegedly the result of the negligence of another driver. Id. The accident

occurred in the course of plaintiff's employment. Id. at 2. Defendant, which provides air ambulance services, transported plaintiff to a hospital in Oklahoma City, Oklahoma for treatment. Id.

On July 17, 2012, defendant filed a lien, pursuant to OKLA. STAT. tit. 42, § 49,[1] on any recovery plaintiff might receive as a result of the accident. Id. Plaintiff's employer's worker's compensation insurance carrier paid to plaintiff medical and indemnity benefits following the accident. Id. On September 21, 2012, defendant received payment according to the worker's compensation fee schedule for the services it provided. Id. On March 27, 2013, defendant released its lien. Id.

On September 22, 2014, plaintiff filed his petition in Oklahoma state court. Id. at 1. He alleged four "claims": negligence, libel, libel per se, and punitive damages. Id. at 3-4. On November 12, 2014, defendant removed to this Court (Dkt. # 2), filed its partial motion to dismiss (Dkt. # 7), and filed its partial answer to the petition (Dkt. # 8).

**II.**

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id.

---

[1] The statute allows any company "which performs ambulance services for any person injured as a result of the negligent or intentional act of another" to have a lien for the amount due for ambulance services "if the injured person asserts or maintains a claim against another person for damages on account of the injuries." OKLA. STAT. tit. 42, § 49(A).

(citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Both parties agree that plaintiff's libel and libel per se claims should be dismissed; they simply disagree whether the dismissal should be with prejudice to future refiling. Dkt. # 20, at 1; Dkt. # 21, at 2. Plaintiff argues that he is entitled to a Rule 41(a)(1) voluntary dismissal without prejudice.[2] Dkt. # 20, at 1. Defendant argues that any dismissal should be with prejudice because

---

2   Although plaintiff requests the Court to dismiss his libel and libel per se claims under Rule 41(a)(2), plaintiff argues that dismissal under Rule 41(a)(1)(A) is proper. Dkt. # 20, at 1 ("[S]ince Defendant has not Answered [sic] Plaintiff's libel and libel *per se* claims, Plaintiff requests a dismissal without prejudice of the same."). Thus, the Court addresses plaintiff's request in light of Rule 41(a)(1), rather than Rule 41(a)(2). To the extent that plaintiff was requesting relief under Rule 41(a)(2), the Court notes that such dismissals are "on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). For the reasons described below, the Court would not find dismissal without prejudice to be "proper."

3

plaintiff's libel and libel per se claims are well beyond the applicable statute of limitations. Dkt. # 7, at 3-4; Dkt. # 21, at 2.

Plaintiff argues that he is entitled to a Rule 41(a)(1) voluntary dismissal without prejudice. Dkt. # 20, at 1. The rule states that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A). Plaintiff filed his notice of dismissal on December 3, 2014. Dkt. # 16. On November 12, 2014--the same date on which it filed its partial motion to dismiss--defendant filed a "partial answer" to the petition. Dkt. # 8. Voluntary dismissal is not available if the defendant has already filed "an answer." FED. R. CIV. P. 41(a)(1)(A). Plaintiff appears to argue that, because it was a "partial answer," defendant's answer does not satisfy Rule 41. Dkt. # 20, at 1. Rule 8(b)(3) requires a party to answer either by a general denial of all allegations in a complaint or by "either specifically deny[ing] designated allegations or generally deny[ing] all except those specifically admitted." In its "partial answer," defendant responded by numbered paragraph to plaintiff's general allegations and the specific allegations related to plaintiff's negligence claim, admitting some allegations and denying others. Id. at 1-3. Defendant denied, without numbered paragraphs, the allegations in plaintiff's libel and libel per se claims, as well as plaintiff's request for punitive damages. Id. at 4. Defendant's "partial answer" meets the requirements of Rule 8(b)(3), making it an answer for purposes of Rule 8 and, by extension, Rule 41. Defendant filed an answer almost one month prior to plaintiff's notice of dismissal. Therefore, plaintiff is not entitled to dismissal under Rule 41(a)(1).

Defendant argues that plaintiff's libel and libel per se claims should be dismissed with prejudice pursuant to Rule 12(b)(6) because the statute of limitations has expired. Under Oklahoma

4

law,[3] the statute of limitations for a libel claim is one year from the date of publication. Digital Design Grp., Inc. v. Info. Builders, Inc., 24 P.3d 834, 839 (Okla. 2001) (citing Colbert v. World Pub. Co., 747 P.2d 286, 288 (Okla. 1987)); OKLA. STAT. tit. 12, § 95; see also Joplin v. Sw. Bell Tele. Co., 753 F.2d 808, 810 (10th Cir. 1983). "Publication of defamatory matter is its communication intentionally or by a negligent act to one other than the person defamed." RESTATEMENT (SECOND) OF TORTS § 577 (1977). According to the petition, defendant filed its lien on July 17, 2012. Dkt. # 2-1, at 2. Defendant received payment on September 21, 2012, and it released its lien on March 27, 2013. Id. Even assuming that releasing the lien six months after receiving payment was defamatory and constituted publication, the statute of limitations would bar any libel claim brought after March 27, 2014. Plaintiff filed his petition on September 22, 2014. Dkt. # 2-1, at 1. Thus, plaintiff's libel and libel per se claims are clearly time-barred.[4]

The Tenth Circuit has stated that "[a] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006) (citing Grossman v. Novell,

---

[3] "In diversity actions, federal courts apply the state statutes of limitations and any related state tolling provisions." Lewis v. Wal-Mart Stores, Inc., No. 02CV0944CVE-FHM, 2005 WL 3263377, at *8 (N.D. Okla. 2005) (citing Futura Music, Inc. v. Gates Radio Co., 399 F.2d 308, 310 (10th Cir. 1968)).

[4] Plaintiff does not argue that the statute of limitations should be tolled. Dkt. # 20. Oklahoma generally permits tolling in two situations: "First, the existence of a 'legal disability' provides proper grounds for equitable tolling. . . . Second, the Oklahoma discovery rule tolls the statute of limitations 'until an injured party knows of, or in the exercise of reasonable diligence, should have known of or discovered the injury, and resulting cause of action.'" Alexander v. Oklahoma, 382 F.3d 1206, 1217 (10th Cir. 2004) (citations omitted). Plaintiff does not allege a legal disability. See OKLA. STAT. tit. 12, § 96 (identifying minority and legal incompetence as legal disabilities). Plaintiff also does not allege that the filing or release of the lien was in some way hidden from him. See Digital Design, 24 P.3d at 840-41. Thus, the Court finds no reason to find that the statute of limitations was tolled.

5

Inc., 120 F.3d 1112, 1126 (10th Cir. 1997)). Plaintiff's libel and libel per se claims are time-barred, and thus plaintiff has failed to state a claim. As there are no additional facts that could alter this conclusion, amendment would be futile. Thus, plaintiff's libel and libel per se claims are dismissed with prejudice.

### IV.

Defendant also moves to dismiss plaintiff's "claim" for punitive damages. Dkt. # 7, at 9. "'[P]unitive damages' are a type of damages-not an underlying claim for relief." Huggins v. Four Seasons Nursing Ctrs., Inc., No. 07-CV-0396-CVE-PJC, 2007 WL 3113429, at *2 (N.D. Okla. Oct. 22, 2007). Thus, there is no claim to dismiss under Rule 12(b)(6). However, the parties' true argument appears to be whether plaintiff has adequately pled punitive damages as to his negligence claim, which has not been dismissed. See Dkt. # 17, at 4; Dkt. # 22, at 3. Thus, the Court will address whether plaintiff has adequately pled punitive damages.

The requirements for properly pleading punitive damages are relatively few. Oklahoma statute allows punitive damages to be awarded in actions not arising out of a contract. OKLA. STAT. tit. 23, § 9.1(A) ("In an action for the breach of an obligation not arising from contract, the jury, in addition to actual damages, may . . . award punitive damages for the sake of example and by way of punishing the defendant . . . ."). To award such damages, the jury must find, by clear and convincing evidence, that the defendant acted either with "reckless disregard for the rights of others" or "intentionally and with malice." Id. § 9.1(B)-(C). As the "plea for punitive damages rests on the underlying claim, . . . if there is no recovery on the underlying claim, there can be no recovery of punitive damages." Rodebush ex rel. Rodebush v. Okla. Nursing Homes, Ltd., 867 P.2d 1241, 1247 (Okla. 1993). The Oklahoma pleading code classifies punitive damages as a type of special damages,

6

and "[w]hen items of special damage are claimed, their nature shall be specifically stated." OKLA. STAT. tit. 12, § 2009(G).

Plaintiff's petition does not adequately plead punitive damages in relation to his claim for negligence. Plaintiff asserts two acts that give rise to his negligence claim: defendant billed plaintiff, rather than his employer's worker's compensation insurer, for its services; and defendant refused to release its lien immediately upon payment. Dkt. # 2-1, at 3. At no point within the claim for negligence does plaintiff assert that defendant's actions were done either recklessly or intentionally and with malice. In the separate section seeking punitive damages, plaintiff alleges that "Defendant acted intentionally, maliciously and in reckless disregard for the rights of Plaintiff." Id. at 5. He also alleges that this conduct was "with full knowledge, in that Defendant knew, or should have known, of the severe adverse consequences of their [sic] actions upon Plaintiff and others." Id. at 4. However, he does not specify what actions or conduct justify his request for punitive damages.

These general statements, although they track the language of Oklahoma's punitive damages statute, do not "specifically state[]" the nature of the punitive damages, in that they do not sufficiently identify what allegedly negligent act was undertaken with the requisite recklessness or malicious intent. The Court notes that the deadline for amendments to the pleadings has passed. Dkt. # 24. However, the Court will grant plaintiff permission to file an amended complaint out of time, if he chooses, as to the negligence claim only, so that plaintiff may properly plead punitive damages as to that claim. See FED. R. CIV. P. 15(a)(2). If plaintiff chooses to file an amended complaint, he must do so within five days of the entry of this opinion and order. In no event may plaintiff either amend his two libel claims or add new claims in an amended complaint.

**IT IS THEREFORE ORDERED** that defendant's partial motion to dismiss (Dkt. # 7) is hereby **granted**. Plaintiff's libel and libel per se claims are hereby **dismissed with prejudice**. Plaintiff's request for punitive damages is hereby **stricken**.

**IT IS FURTHER ORDERED** that plaintiff's motion for dismissal without prejudice (Dkt. # 20) is **denied**.

**IT IS FURTHER ORDERED** that plaintiff may file, no later than **April 23, 2015**, an amended complaint, so as to properly plead punitive damages as to his negligence claim. Plaintiff may not otherwise amend or add new claims.

**DATED** this 16th day of April, 2015.

*[Signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE